RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiff
Yuanmeng Michael Wang

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Yuanmeng Michael Wang, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

Mailbox Forwarding, Inc., and Does 1-5,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Yuanmeng Michael Wang ("Class Representative" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this Class Action Complaint ("Complaint") against Mailbox Forwarding, Inc. ("Defendant" or "MBF") and allege:

**SUMMARY OF ACTION**

1. Class Representative brings this action for restitution, damages, penalties and injunctive relief resulting from the illegal actions of Defendant with respect to its wrongful taking of Plaintiff's money in connection with its remote mailbox forwarding services. Specifically, after Defendant cancelled Plaintiff's mailbox services in April 2021, it continued to debit monthly payments from Plaintiff's credit card account. In addition, Defendant debited amounts that far exceeded the amounts previously charged for monthly mailbox services, totaling thousands of dollars.

2. In so doing, Defendant is liable for conversion and violated the: (i) California Unfair Competition Law, Business and Professions Code § 17200 ("UCL); (ii) Consumer Legal Remedies Act, Civil Code § 1770 *et seq*.

**THE PARTIES**

3. Plaintiff Yuanmeng Michael Wang is a consumer and former customer of MBF residing in the State of California, Orange County.

4. Defendant Mailbox Forwarding, Inc. ("MBF") is a remote mailbox provider headquartered and incorporated in Michigan. MBF regularly conducts business in the State of California and has and had mailboxes during the relevant time period in Los Angeles, California.

///

///

///

///

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Mailbox Forwarding currently offers the following three mailbox addresses. You can choose to receive mail at one or more of these addresses, and can easily add or remove addresses at any time from within your account. Receiving your mail at our Grandville, MI address is included in the cost of every plan (it's our business headquarters and central mail processing facility), whereas using our CA or FL addresses costs slightly more.

| | | |
|---|---|---|
| | **2885 Sanford Ave SW #00000**<br>**Grandville, MI 49418** | Plan Fees +<br>No Extra Charges |
| | **5042 Wilshire Blvd #00000**<br>**Los Angeles, CA 90036** | Plan Fees +<br>$15 / mo |
| | **2637 E Atlantic Blvd #00000**<br>**Pompano Beach, FL 33062** | Plan Fees +<br>$10 / mo |

(Replace "00000" in the above addresses with the unique 5-digit box number assigned to you upon signup)

*See Mailbox Forwarding*, Mailbox Addresses, at https://www.mailboxforwarding.com/address.php (last visited on February 24, 2026).

5. Doe Defendants 1-5 are the other companies or individuals responsible for the conversion of Plaintiff's money and other unlawful and unfair conduct.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1). Class Representative bring a class action under Federal Rule of Civil Procedure 23. Class Representative and Defendant are citizens of different states, and on information and belief, the amount in controversy exceeds the sum of $5,000,000.00 and there are no less than 100 class members.

7. Defendant has mailboxes in Southern California and regularly conducts business within the State of California, which means personal jurisdiction is established.

8. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff is a resident of Orange County and a substantial part of the events giving rise to his claims occurred in this district.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## STATEMENT OF FACTS

9. In or about 2015 Plaintiff began using MBF's mailbox subscription services for MBF's mailbox located at 5042 Wilshire Blvd., Los Angeles, CA 90036 (the "Los Angeles Mailbox").

10. Plaintiff did not use or subscribe to any other mailbox from MBF.

11. Generally MBF charged Plaintiff $29.95 per month for the Los Angeles Mailbox.

12. MBF charged Plaintiff's credit card account every month.

13. On April 11, 2021 MBF sent Plaintiff an email stating, *inter alia*:

> I regret to tell you that we are canceling the California address for Mailbox Forwarding in a month… **We have canceled your subscription to the Wilshire, Los Angeles address**.

*See* **Exhibit A** (hereinafter referred to as the "Cancellation Notice") (bold added).

14. Based on this email, Plaintiff obtained other, separate mailbox services from a different company, and not MBF.

15. After April 2021, MBF continued to charge Plaintiff's credit card, even though Plaintiff did not receive any mailbox services from MBF.

16. Initially, MBF charged $14.95 per month and gradually increased the charges to approximately $185.00 per month.

17. In March 2023 MBF charged Plaintiff's credit card $245.95. There was no basis to charge Plaintiff this amount, or any amount, after April 2021.

18. Plaintiff did not authorize MBF to continue charging his credit card account after April 2021.

19. When Class Representative, and class members, received the Cancellation Notice they reasonably believed and understood that their MBF account for the Los Angeles mailbox had been cancelled, and in fact it had been cancelled. Yet Defendant not only continued to assess monthly fees for the cancelled

subscription, Defendant charged exorbitant amounts that had no nexus to any services it provided, or even could have provided.

20. Class Representative and class members were deceived and damaged as a result of Defendant's actions.

21. Class Representative suffered an "injury in fact" because his money was unlawfully, unfairly and wrongfully taken by Defendant when it had no right or basis to do so.

22. Defendant knowingly charged class members' credit cards and took class members money knowing that it had no right to such funds.

23. Class Representative and class members were undoubtedly injured and lost money as a result of Defendant's unlawful, unfair, and wrongful conduct.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## CLASS ACTION ALLEGATIONS

24. Class Representative brings this action on behalf of himself and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the class and subclass defined as follows (the "Class" and "Subclasses):

> **Nationwide Class:** All persons in the United States who had subscribed to MBF's Los Angeles Mailbox, received the Cancellation Notice, and were still assessed charges by MBF on their credit card account after receiving the Cancellation Notice, during the relevant statute of limitations period.
>
> **California Subclass:** All persons in the State of California who had subscribed to MBF's Los Angeles Mailbox, received the Cancellation Notice, and were still assessed charges by MBF on their credit card account after receiving the Cancellation Notice, during the relevant statute of limitations period.

25. Excluded from the Class and Subclasses (the "Classes") are: (1) MBF, any entity or division in which MBF has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Class Representative reserves the

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

right to amend or expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

26. Class Representative and members of the Classes were harmed by the acts of Defendant by continuing to be charged, assessed for, and paying for a mailbox subscription that MBF had cancelled.

27. Common questions of fact and law exist as to all members of the Classes, which predominate over any questions affecting only Class Representative or individual members of the Class. These common legal and factual questions, which do not vary between the class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a) Whether, within the applicable statute of limitations periods, Defendant continued to assess and debit monthly subscription charges for the Los Angeles Mailbox after sending the Cancellation Notice;

b) Whether Class Representative and the class members were damaged thereby, and the extent of damages for such violation;

c) Whether such conduct is unlawful, unfair or fraudulent; and

d) Whether Defendant is still engaging in the misconduct and should be enjoined from engaging in such conduct in the future.

28. As a person who was wrongfully charged monthly fees for the Los Angeles Mailbox, Class Representative is asserting claims that are typical of the Classes. Class Representative and all members of the Classes sustained damages arising out of Defendant's common course of conduct complained herein.

29. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Class Representative at this time; however, on information and belief, Defendant

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

wrongfully charged hundreds to thousands of class members for the Los Angeles Mailbox after sending the Cancellation Notice during the applicable statute of limitations periods, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

30. Class Representative will fairly and adequately protect the interests of the members of the Classes because Class Representative has no interests which are adverse to the interest of absent class members and because Class Representative has retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33. Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

**FIRST CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION LAW**

**BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(On Behalf Of The California Class)**

34. Class Representative repeats, re-alleges, and incorporate by reference all other paragraphs, as if fully set forth herein.

35. Class Representative and Defendant are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

36. "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

37. By and through Defendant's conduct alleged above and in further detail herein, Defendant engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

**UNLAWFUL**

38. California Business and Professions code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

39. As explained above, Defendant wrongfully assessed, charged and took money every month from Plaintiff's and Class members credit card accounts, after

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

sending the Cancellation Notice and cancelling the subscription for the Los Angeles Mailbox.

40. Beginning in or about April 2021 and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by continuing to charge Plaintiff's credit card account for the Los Angeles Mailbox after cancelling the Los Angeles Mailbox subscription, in violation of Cal. Civil Code § 1770 *et seq.*, Bus. & Prof. Code § 17500, *et seq.* and engaging in unlawful conversion.

41. Defendant not only continued to wrongfully charge Plaintiff's credit card account for services it did not provide, Defendant charged the account for hundreds of dollars each month, an amount that did not and could not have any nexus to the services Defendant provided or provides. Defendant's conduct therefore caused, and continues to cause, economic harm to Class Representative and class members.

42. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Class Representative and class members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Class Representative and class members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**UNFAIR**

43. Defendant has engaged in a pattern of "unfair" business practices in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by charging Plaintiff and members of the classes for services that it had cancelled and did not provide. Defendant misrepresents and claims there is an outstanding balance due by Plaintiff to MBF, and on information and belief, Defendant hired a debt collection agency to act on its behalf and at its direction and control and/or sold the balance to a downstream third party debt collection company for profit, to continue to attempt to collect on the debt.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

44. Defendant's wrongful taking, false accounting, and continuous collection activity outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

45. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefit attributable to such conduct. Class Representative reserve the right to allege further conduct which constitutes other unfair business acts or practices. On information and belief, such conduct is ongoing and continues to this date.

46. UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App. 4th 1350, 1365 (2010).

47. The FTC test requires a purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and, (3) is not one that purchasers themselves could reasonably have avoided.

48. Here, Defendant's conduct has caused and continues to cause substantial injury to Class Representative and class members. Class Representative and class members have suffered injury in fact and lost money due to Defendant's wrongful charges to their credit card accounts for the Los Angeles Mailbox after cancelling the Los Angeles Mailbox. Accordingly, Class Representative and class members were injured because their money was taken for a service that they did not receive.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

49. Such conduct involves equitable remedies in the form of a return of their monies, i.e. restitution and disgorgement of ill gotten profits. Thus, Defendant's conduct has caused substantial injury to Class Representative and the class members.

50. Another test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp*., 72 Cal. App. 4th 861, 887 (1999). Defendant's conduct of charging credit card accounts for mailbox services it cancelled and did not provide is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

51. The injury suffered by Class Representative and class members is not an injury that consumers could have reasonably avoided.

52. Thus, Defendant's conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

**FRAUDULENT**

53. Beginning in or around April 2021 and continuing through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described herein, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by notifying Class Members that their subscription to the Los Angeles Mailbox was cancelled and thereafter continuing to charge class members' credit card accounts for the Los Angeles Mailbox, after it had cancelled the Los Angeles Mailbox. Defendant misrepresents and claims there is an outstanding balance due by Plaintiff to MBF, and on information and belief, Defendant hired a debt collection agency to act on its behalf and at its direction and control and/or sold the balance to a downstream third party debt collection company for profit, to continue to attempt to collect on the debt.

54. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant has been and will continue to be

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

unjustly enriched by the receipt of ill-gotten gains from customers, including Class Representative and class members.

55. Class Representative has suffered an "injury in fact" because Defendant received Class Representative's money as a result of Defendant's false representations.

56. In prosecuting this action for the enforcement of important rights affecting the public interest, Class Representative seeks the recovery of attorneys' fees, which are available to prevailing a plaintiff in class action cases such as this.

57. Class Representative reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**SECOND CAUSE OF ACTION**

**CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**California Civil Code §1770, *et seq.***

**(On Behalf Of The California Class)**

58. Class Representative repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

59. Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a) Using deceptive representations in connection with goods or services. Cal. Civ. Code §1770(a)(4).

b) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law. Cal. Civ. Code §1770(a)(14).

c) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code §1770(a)(16).

60. On or about February 26, 2026, using certified mail with a return receipt requested, counsel for Class Representative served Defendant with notice of its

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

violations of the CLRA (attached hereto as **Exhibit B**), and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that it must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiff believe to have been violated by Defendant. If Defendant refuses to timely correct, repair, replace or otherwise rectify the issues raised therein, Plaintiff will amend the Complaint to seek damages under the CLRA.

61. Plaintiff will subsequently file an Affidavit of Venue as required by the CLRA.

**THIRD CAUSE OF ACTION**

**CONVERSION**

**(On Behalf Of The Nationwide Class)**

62. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

63. At all relevant times Plaintiff owned the credit card account that MBF wrongfully charged.

64. At all relevant times Plaintiff had a right to the credit provided in the card account and the monies paid on the credit card account balance due.

65. Defendant did not have any right or consent to charge the credit card account after April 2021, when it sent the Cancellation Notice and cancelled the subscription for the Los Angeles Mailbox.

66. By continuing to charge Plaintiff's credit card account after cancelling the subscription for the Los Angeles Mailbox, Defendant asserted dominion and control over Plaintiff's property, money and credit, interfering in a way inconsistent with Plaintiff's rights.

67. Defendant intended to charge Plaintiff's credit card account and intentionally and willfully did so, for amounts far beyond any service it offered or could have offered with respect to its mailbox services.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

68. Defendant had no right to possession or control of Plaintiff's personal property.

69. As a result of Defendant's continuous taking of money from Plaintiff's credit card account and attempts to collect from Plaintiff on the cancelled Los Angeles Mailbox, Plaintiff has suffered significant harm, including lost money and immense emotional distress, anxiety, and loss of sleep, in part due to Defendant's continued collection efforts.

## PRAYER FOR RELIEF

WHEREFORE, Class Representative, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as follows:

A. For an order awarding, as appropriate, restitution to the Class Representative and the Class Members;

B. For an order certifying this case as a class action and appointing Class Representative and Class Representative' counsel to represent the Classes;

C. For an order that the Court certify Class Representative to serve as the class representatives in this matter;

D. For an order that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

E. For an order requiring Defendant to immediately cease and desist from charging the credit card accounts of customers who Los Angeles Mailbox subscriptions were cancelled for the Los Angeles Mailbox;

F. For an order awarding attorneys' fees and costs;

G. For an order awarding pre-judgment and post-judgment interest; and

H. For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

///

///

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Class Representative and members of the Class are entitled to, and demand, a trial by jury.

Dated: February 27, 2026 RAY KIM LAW, APC

*/s/ Raymond Y. Kim*
Raymond Y. Kim
Attorneys for Plaintiff
Yuanmeng Michael Yang

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

# EXHIBIT A

Gmail Michael Wang [redacted]@gmail.com>

## MBF

1 message

**Mailbox Forwarding** <info@mailboxforwarding.com> Sun, Apr 11, 2021 at 11:04 AM
To [redacted]@gmail.com

Yuanmeng, 33180:

I regret to tell you that we are canceling the California address for Mailbox Forwarding in a month. You can still use the Grandville, MI address. We have canceled your subscription to the Wilshire, Los Angeles address. Please do not give out that address to your contacts as your mail will not reach you.

If you opt to use the Grandville, MI, address, there is nothing you need to do. There is no extra charge for the MI address. In fact, it is only $14.95 per month, and your mail will show up in your inbox faster than with the CA address. And it will be much more dependable than using the affiliate we had in Los Angeles. The address you will give out will be:

2885 Sanford Ave SW 33180
Grandville, MI 49418

If you have packages in the LA location, you should clear them out right away by contacting the Wilshire Mailboxes location at:

info@wilshiremailbox.com

You can give them the information and they will send your packages out for you. You will pay them directly to get that done. I hope that works for you.

If that does not work for you, then you will need to find another service. And you will need to clear out all your mail by forwarding or shredding it. We will not be able to store mail for you much longer.

Support

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

# EXHIBIT B

RAY KIM LAW

112 E. Amerige Avenue, Suite 240 | Fullerton, CA 92832

Raymond Y. Kim
+1 213-204-3547
Ray@raykimlaw.com

February 26, 2026

*Via Certified U.S. Mail:*

Mailbox Forwarding, Inc.
2885 Sanford Ave SW #101
Grandville, MI 49418

**RE:** *Yuanmeng Wang – Confidential Settlement Communication Pursuant to FRE 408 and CEC 1152*

To Whom It May Concern:

Please be advised that our office represents Yuanmeng Wang ("Plaintiff"), and other similarly situated individuals, in pursuing class action wide legal claims against Mailbox Forwarding, Inc. ("MBF") for violations of the Consumer Legal Remedies Act ("CLRA"), California Business and Professions Code §17200 ("UCL"), and common law conversion.

Having been formally notified of our representation, we respectfully demand that you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my clients' right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including further needless attorneys' fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

## <u>Facts</u>

In or about 2015 Plaintiff began using MBF's mailbox subscription services for MBF's mailbox located at 5042 Wilshire Blvd., Los Angeles, CA 90036 (the "Los Angeles Mailbox"). Plaintiff did not use or subscribe to any other mailbox from MBF. Plaintiff paid $29.95 per month for the Los Angeles mailbox. MBF charged Plaintiff's credit card account every month. On April 11, 2021 MBF sent Plaintiff an email stating, *inter alia*:

> I regret to tell you that we are canceling the California address for Mailbox Forwarding in a month… We have canceled your subscription to the Wilshire, Los Angeles address.

Based on this email, Plaintiff obtained other, separate mailbox services from a different company, not MBF. However, after April 2021 MBF still continued to charge Plaintiff's credit card, even though Plaintiff did not receive any mailbox services from MBF. Initially, MBF charged $14.95 per month and gradually increased the charges to approximately $185.00 per month. In March 2023 MBF charged Plaintiff's credit card $245.95. Plaintiff did not authorize MBF to continue charging his credit card account after April 2021.

When Plaintiff, and class members, received the April 2021 Cancellation Email they reasonably believed and understood that their MBF account for the Los Angeles mailbox had been cancelled. Yet Defendant not only continued to assess monthly fees for the cancelled subscription, Defendant charged exorbitant amounts that had no nexus to any services it provided or even could have provided. Plaintiff and class members were deceived and damaged as a result of MBF's actions. Plaintiff suffered an "injury in fact" because his money was unlawfully, unfairly and wrongfully taken by Defendant when it had no right or basis to do so. Plaintiff and class members were undoubtedly injured and lost money as a result of Defendant's unlawful, unfair, and wrongful conduct. Defendant knowingly charged class members' credit cards and took class members money knowing that it had no right to such funds.

**CLRA (*Cal. Civ. Code* §1750 *et seq.*) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

i. Using deceptive representations in connection with goods or services. Cal. Civ. Code §1770(a)(4).
ii. Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law. Cal. Civ. Code §1770(a)(14).
iii. Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code §1770(a)(16).

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq*.

By engaging in the conduct detailed above, MBF violated Sections §1770(a)(4), (14), and (16) of the CLRA, thereby entitling Plaintiff to actual and punitive damages, and attorney's fees and costs.

///

///

**Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)**

The Unfair Competition Law, California Business & Professions Code §17200 prohibits unlawful, unfair or fraudulent business acts or practices. Further, any person may bring an action to enjoin or restrain any violation of this act and is entitled to restitution resulting from such violations. Cal. Bus. Prof. Code § 17203.

MBF knowingly engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. MBF wrongfully converted Plaintiff's and other customers' monies with no right to do so. Further, as noted above, MBF violated the CLRA, thus engaging in unlawful business practices. MBF's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. MBF's conduct entitles Plaintiff to restitution and injunctive relief.

**Class Potential**

At this stage, MBF's fraudulent, deceptive, and misleading business practices, and violations of California and other State's common laws of conversion have impacted thousands of consumers throughout the State of California and the nation. Thus, we anticipate either a state and/or nationwide class of thousands of consumers whom Plaintiff will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only restitution and actual damages, but also punitive damages and statutory damages, in addition to attorney's fees and costs. MBF is facing seven-figure liability.

Sincerely,

Raymond Y. Kim
Attorney at Law